UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

EDUARDO JOSE GONZALEZ-CARRION,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 3:15-CV-01907 (JAF)

(Criminal No. 12-200-33)

**OPINION AND ORDER**

On February 22, 2013, petitioner Eduardo José González-Carrión ("González") was convicted by guilty plea of aiding and abetting a racketeering conspiracy in violation of 18 U.S.C. §§ 2 and 1962(d) and was sentenced to 168 months in prison, to be followed by five years of supervised release, stemming from his role as a drug seller and armed enforcer with La ONU, a violent drug gang that was based in San Juan, Puerto Rico.[1]  On February 20, 2015, the First Circuit Court of Appeals unanimously affirmed the judgment of conviction against González's sentencing challenges.  (12-CR-00200-33, ECF No. 1629.)  On or about May 12, 2015, González timely filed a pro-se petition for a writ of habeas corpus under 28 U.S.C. § 2255.  (ECF No. 1.)  The Government opposes the petition.  (ECF No. 3.)  González has replied to the Government's opposition.  (ECF No. 4.)

"We are required to construe liberally a pro se [petition]," but "pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed* v. *Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).  "[A] district court has the discretion, in a section 2255 case, to raise questions of procedural default sua sponte, even when the government has filed

---

[1] González was defendant number thirty-three of thirty-three in the case of *United States* v. *Ramos-Piñeiro et al.*, 12-CR-00200, which was tried before this court.

a reply and eschewed any reference to that defense." *Oakes* v. *United States*, 400 F.3d 92, 97 (1st Cir. 2005). "If a federal habeas petitioner challenges his conviction or sentence on a ground that he did not advance on direct appeal, his claim is deemed procedurally defaulted." *Id.* at 95 (*citing Bousley* v. *United States*, 523 U.S. 614, 621 (1998)). "A procedural default is not necessarily a total bar to federal habeas relief." *Id.* "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Damon* v. *United States*, 732 F.3d 1, 4 (1st Cir. 2013) (*quoting Bousley*, 523 U.S. at 622). González has not sought to demonstrate either cause and prejudice or actual innocence. (*See* ECF Nos. 1, 1-1, 4.) And, it appears that his due-process claim was not raised on direct appeal. Thus, the court finds that the claim has been procedurally defaulted. The court will nonetheless address the claim on its merits because it is so clearly unavailing.

In the petition, González claims that his Fifth Amendment right to due process was violated when the court sentenced him to the top end of the applicable guideline range, despite his "understanding" that, under his plea agreement, "he would receive a sentence at the low end of the guideline." (ECF No. 1 at 4.) González's claim is utterly belied by the agreement itself, which González and his attorney both signed on multiple locations. (12-CR-00200-33, ECF No. 299 at 8, 9, 12.) In the agreement, González acknowledges that the sentencing range applicable to him under the guidelines is from 135 to 168 months in prison, he memorializes that the parties will "recommend a sentence at the lower end of the applicable guideline range," and he affirms that he "is aware that [his] sentence is within the sound discretion of the sentencing judge," who can "impose a sentence up to the maximum

established by statute," which is "a term of imprisonment of not more than life." (12-CR-00200-33, ECF No. 299 at 2-4.) González also signed a declaration stating that he had read the agreement in Spanish translation, had "carefully reviewed every part of it with [his] attorney," and had "no doubts as to the contents of the agreement." (12-CR-00200-33, ECF No. 299 at 9.)

Later, at his Rule 11 plea colloquy, González stated under oath that he understood that, by pleading guilty, he faced a maximum term of "not more than life imprisonment," that the "guideline calculation" in his plea agreement was "advisory," that the court could "impose a higher sentence or lower sentence than that called for by the guidelines," that the court could impose a sentence "more severe than what [he] expect[ed]," and that the court did not "have to follow any . . . sentence recommendation" and "could do [its] own thing" instead. (12-CR-00200-33, ECF No. 1092 at 14-17.) The court then acknowledged that, under the plea agreement, the "recommendation is that [González] be sentenced to the lower end of the applicable guideline range" of from "135 to 168 months." (12-CR-00200-33, ECF No. 1092 at 20.) Near the end of the colloquy, González specifically affirmed that no one had promised him that the court was going to sentence him in a particular way. (12-CR-00200-33, ECF No. 1092 at 24-25.) Moreover, at sentencing, González's attorney reminded the court that "both parties are recommending to you the lower end of the guideline range." (12-CR-00200-33, ECF No. 1091 at 15.) When the court informed González that his sentence was "going to be the high end of the guidelines" and asked if he had "[a]nything" to say, González did not object to the sentence on the ground he now raises. (12-CR-00200-33, ECF No. 1091 at 17.) We are thoroughly familiar with these facts, having presided over both hearings. See Ouellette v. United States, 862 F.2d 371, 377 (1st Cir. 1988) ("no hearing is

required [to resolve a habeas petition] where the district judge is thoroughly familiar with the case as, for example, when he presides at both a change of plea hearing and sentencing").

"A defendant is normally bound by the representations that he himself makes in open court at the time of his plea." *United States* v. *Gates*, 709 F.3d 58, 69 (1st Cir. 2013) (*citing United States* v. *Butt*, 731 F.2d 75, 80 (1st Cir. 1984)). "[S]uch statements 'are more likely to be reliable than later versions prompted by second thoughts.'" *Id*. at 70 (*quoting United States* v. *Padilla-Galarza*, 351 F.3d 594, 598 (1st Cir. 2003)). "[T]he presumption of truthfulness of the Rule 11 statements will not be overcome unless the allegations in the § 2255 motion . . . include credible, valid reasons why a departure from those earlier contradictory statements is now justified." *Butt*, 731 F.2d at 80 (*citing Crawford* v. *United States*, 519 F.2d 347, 350 (4th Cir. 1975)). In the absence of such reasons, González's "allegations need not be accepted as true because they . . . contradict the record, or are inherently incredible." *DeCologero* v. *United States*, 802 F.3d 155, 167 (1st Cir. 2015) (*quoting Owens* v. *United States*, 483 F.3d 48, 57 (1st Cir. 2007)).

The court finds that González's Rule 11 statements and also his declarations in the signed plea agreement thoroughly contradict and thus belie his allegations in the habeas petition about his supposed understanding of the terms of the agreement. González does not offer a single reason, let alone a credible and valid one, as to why the court should take his new factual allegations as true despite their contradiction by the record. Thus, the court does not credit the factual allegations underlying González's due-process claim and rejects the claim on that ground. In addition, the sentence at issue here fell within the guideline range to which González had stipulated as part of his plea agreement, and the First Circuit has already affirmed it against a prior round of challenges.

Next, González claims, in the petition, that the court "impermissibly attributed the entire drug amount" of the La ONU racketeering conspiracy to him. (ECF No. 1 at 4.) González appears to be contesting the base offense level of thirty-two that the court used to calculate his applicable guideline sentencing range. However, this base offense level was the exact same level used in the amended presentence investigation report. (12-CR-00200-33, ECF No. 783 at 19.) At sentencing, González's lawyer stated that he had reviewed the report with González, and then both the lawyer and González declared that they did not have any objections to the report. (12-CR-00200-33, ECF No. 1091 at 12.) Moreover, this base offense level was also the exact same level to which González had stipulated in the plea agreement. (12-CR-00200-33, ECF No. 299 at 4.)

González's claim is "hopeless" due to the stipulation in the plea agreement. *United States* v. *Torres-Vázquez*, 731 F.3d 41, 46 (1st Cir. 2013). "A defendant waives his right to challenge sentencing factors when he stipulates to the facts supporting the sentencing factor." *United States* v. *Soto-Cruz*, 449 F.3d 258, 262 (1st Cir. 2006) (*citing United States* v. *Serrano-Beauvaix*, 400 F.3d 50, 54 (1st Cir. 2005)). González did precisely that when he "agree[d]," as part of the plea agreement, that a base offense level of thirty-two is appropriate under sections 2E1.1(a)(2) and 2D1.1(c)(4) of the Sentencing Guidelines. (12-CR-00200-33, ECF No. 299 at 4.) Thus, González may not now complain about the court's reliance on that base offense level. Moreover, as the Government has indicated (ECF No. 3 at 7-8), insofar as the First Circuit disposed of this claim on direct appeal, González may not relitigate it in his habeas petition. *See Singleton* v. *United States*, 26 F.3d 233, 240 (1st Cir. 1993); *United States* v. *Michaud*, 901 F.2d 5, 6 (1st Cir. 1990).

Finally, González claims, in the petition, that his counsel rendered him ineffective assistance by failing to object to the alleged errors underlying his first two claims and also by failing to secure him a binding sentencing recommendation under Federal Rule of Criminal Procedure 11(c)(1)(C). (ECF No. 1 at 4-5.) Ineffective-assistance claims are governed by the principles set forth in *Strickland* v. *Washington*, 466 U.S. 668 (1984), under which González must prove two elements. "'First, [he] must show that counsel's performance was deficient,' which requires showing that counsel's performance was not only substandard, but also 'deficient in some way sufficiently substantial to deny him effective representation.'" *Logan* v. *Gelb*, 790 F.3d 65, 71 (1st Cir. 2015) (*quoting Strickland*, 466 U.S. at 687; *then quoting Epsom* v. *Hall*, 330 F.3d 49, 53 (1st Cir. 2003)). "'Second, [he] must show that the deficient performance prejudiced the defense,' which requires proof that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 687, 694). Here, González fails to show that his counsel's performance was in any way deficient.

As explained above about González's first two claims, no errors occurred. Thus, counsel had nothing to object to. In fact, counsel would have appeared deficient if he had objected that the court's sentence violated the plea agreement's non-binding sentencing recommendation or that the court's reliance on the stipulations in the plea agreement and the unchallenged presentence investigation report was impermissible. González may still wish that his attorney had raised those objections, but "[c]ounsel is not required to waste the court's time with futile or frivolous [things]." *See United States* v. *Hart*, 933 F.2d 80, 83 (1st Cir. 1991) (*quoting United States* v. *Wright*, 573 F.2d 681, 684 (1st Cir. 1978)).

As to González's complaint that his attorney did not secure him a plea agreement with a binding sentencing recommendation, González ignores the fact that a C-type plea agreement does not simply spring into existence based on an attorney's sheer willpower. Instead, not only must the Government sign onto the agreement, but the district court must also "acquiesce[] . . . to be bound by its stipulations." *United States* v. *Caramadre*, 807 F.3d 359, 360 n.2 (1st Cir. 2015); *see also* Fed. R. Civ. P. 11(c)(3)(A). But, as we declared approximately seven months before the plea agreement here was entered into, "A recommendation as to sentencing is precisely that—a recommendation, and we advise the bar not to expect that we will rubber-stamp all kinds of plea-bargained issues and recommendations to finalize criminal cases." *United States* v. *Sevilla-Oyola*, 854 F.Supp.2d 164, 173 (D.P.R. 2012) (JAF). Moreover, we declared that the practice where "[a]ttorneys set the sentence [and] the judge endorses it . . . is an abdication of sentencing responsibility and something we are not ready to do." *Id*. Under these circumstances, the fact that González's counsel did not get him a C-type agreement was not at all deficient.

Accordingly, the court **DISMISSES** on the merits, without holding an evidentiary hearing, the habeas petition filed under ECF No. 1 because it is plain that González is not entitled to relief on the merits. Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Courts (2010*); see also Moreno-Espada* v. *United States*, 666 F.3d 60, 66 (1st Cir. 2012). "Federal habeas is not an ordinary error-correcting writ," but "an extraordinary remedy, regularly sought but less regularly granted, protecting fundamental federal rights by correcting certain important abuses which everyday legal mechanisms have failed to prevent." *Nadworny* v. *Fair*, 872 F.2d 1093, 1096 (1st Cir. 1989). Here, the petition raised a few garden-variety errors that turn out to be no error at all. For decades,

"floods of stale, frivolous and repetitious petitions [have] inundate[d] the docket of the lower courts," yet we continue to search for "the occasional meritorious application . . . buried in a flood of worthless ones." *Brown* v. *Allen*, 344 U.S. 443, 536-37 (1953). This was not one of them.

When entering a final order adverse to a habeas petitioner under 28 U.S.C. § 2255, the court must determine whether the petitioner warrants a certificate of appealability. Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts. The court may issue a certificate only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Jennings* v. *Stephens*, 135 S. Ct. 793, 802 (2015). No such showing has been made here. Thus, the court will not grant González a certificate. He may still seek one directly from the First Circuit under Federal Rule of Appellate Procedure 22(b)(1).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 22nd day of January, 2016.

                                                                S/José Antonio Fusté
                                                                JOSE ANTONIO FUSTE
                                                                U. S. DISTRICT JUDGE